IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| The Travelers Home and Marine Insurance Company  <br><br>Plaintiffs,  <br><br>v.  <br><br>Larry Grainger, Virginia King, and Jerry King,  <br><br>Defendants. | Civil Action No.: 4:15-cv-3260-RMG  <br><br>**ORDER AND OPINION** |

This matter comes before the Court on cross motions for summary judgment. (Dkt. Nos. 27, 28). For the reasons below, the Court DENIES Defendants' motion for summary judgment (Dkt. No. 28) and GRANTS Plaintiff's motion for summary judgment (Dkt. No. 27).

## Background

This is a declaratory judgment action to determine the amount of coverage provided to Defendant Grainger under an automobile insurance policy issued by Plaintiff. On October 25, 2014, Defendant Grainger, driving a pickup truck, made a left turn from a northbound lane across southbound lanes. Defendants Virginia and Jerry King, who were riding separate motorcycles in a southbound lane, collided with the pickup truck in rapid succession. Defendants Virginia and Jerry King both suffered injuries.

The insurance policy Plaintiff issued to Defendant Grainger provides bodily injury and property damage coverage of $500,000 for each accident. The insurance policy does not define the word "accident." Accordingly, the determinative question is whether the October 25, 2014 incident constitutes one accident—as Plaintiff contends—or two accidents—as Defendants contend.

1

**Legal Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**Discussion**

"An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law." *Auto Owners Ins. Co. v. Rollison*, 378 S.C. 600, 606 (S.C. 2008). "The court must construe ambiguous terms in an insurance policy liberally in favor of the insured and strictly against the insurer. In cases where

2

there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense." *Precision Walls, Inc. v. Liberty Mut. Fire Ins. Co.*, 763 S.E.2d 598, 602 (S.C. Ct. App. 2014) (internal citations and quotation marks omitted).

The fact that a word is not defined does not render it ambiguous. Indeed, "[i]f policy language was rendered ambiguous simply because it was not defined, insurance policies would need to contain definitions for every word in order to avoid ambiguity, a requirement which would be absurd. . . . We use words because they have commonly accepted meanings, and it is only when they are subject to more than one meaning as used in a particular policy that they may become ambiguous." *Bardsley v. Gov't Employees Ins. Co.*, 747 S.E.2d 436, 440 (S.C. 2013) "The court cannot torture the meaning of policy language to extend coverage not intended by the parties." *S.C. Farm Bureau Mut. Ins. Co. v. Dawsey*, 638 S.E.2d 103, 105 (S.C. Ct. App. 2006)

Defendants contend that each collision constitutes a separate accident, while Plaintiff contends that the October 25, 2014 incident amounts to a single accident. The Court will first examine the relevant insurance policy provision, then, because the South Carolina appellate courts have not yet addressed this issue directly, turn to how it has been interpreted in other jurisdictions.

Although the insurance policy does not define the term "accident," the policy does state that the insurer's liability is limited "regardless of the number of . . . [v]ehicles involved in the auto accident." (Dkt. No. 27-4 at 33–34). This language clearly contemplates single accidents involving multiple vehicles; otherwise, the clause would have little-to-no meaning. *Stevens Aviation, Inc. v. DynCorp Int'l LLC*, 407 S.C. 407, 417, 756 S.E.2d 148, 153 (2014) ("Additionally, an interpretation that gives meaning to all parts of the contract is preferable to

3

one which renders provisions in the contract meaningless or superfluous." (internal quotation marks omitted)).

Moreover, in light of the fact that the South Carolina Supreme Court has previously characterized a multiple collision incident as a single accident, *see Chester v. S.C. Dep't of Pub. Safety*, 698 S.E.2d 559, 560 (S.C. 2010) (per curiam) (discussing "multiple vehicle accident caused when heavy smoke from a fire allegedly obstructed visibility on Interstate 95"), the Court finds that the October 25, 2014 incident would be commonly described as a "multi-vehicle accident."

Finally, the language here appears to be standard policy language that has been interpreted in other jurisdictions. Courts in other jurisdictions commonly determine the number of accidents by analyzing the negligence of the insured. Where there is "one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damage," there is only one accident, regardless of the number of vehicles involved. *State Auto Prop. & Cas. Co. v. Matty*, 690 S.E.2d 614, 617 (Ga. 2010) (internal quotation marks omitted) (quoting *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56, 61 (3d Cir. 1982). Courts in several jurisdictions have consistently "found a single accident when the same negligence of the insured caused two collisions in rapid succession and the policy contained the language limiting liability 'regardless of the number of . . . [v]ehicles involved in the accident.'" *See Just v. Farmers Auto. Ins. Ass'n*, 877 N.W.2d 467, 472 (Iowa 2016) (collecting cases). Accordingly, the Court concludes that the October 25, 2014 incident is a single accident.

4

## Conclusion

For the abovementioned reasons, the Court DENIES Defendants' motion for summary judgment (Dkt. No. 28) and GRANTS Plaintiff's motion to for summary judgment (Dkt. No. 27).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 26, 2017
Charleston, South Carolina